**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

CHRISTY L. LACNY,

      Plaintiff,

      v.

FRANK BISIGNANO, Commissioner of the
Social Security Administration,

      Defendant.

CAUSE NO.: 3:25-CV-560-TLS

**OPINION AND ORDER**

The Plaintiff Christy L. Lacny seeks review of the final decision of the Commissioner of

the Social Security Administration regarding her applications for disability insurance benefits

and supplemental security income. The Plaintiff argues that the Administrative Law Judge (ALJ)

erred in formulating the Plaintiff's residual functional capacity prior to December 12, 2023. For

the reasons set forth below, the Court finds that reversal and remand for further proceedings is

required.

**PROCEDURAL BACKGROUND**

On September 14, 2021, the Plaintiff filed applications for disability insurance benefits

and supplemental security income alleging disability beginning on February 13, 2017. AR 1970,

1994, ECF No. 11-2. After the claims were denied initially and on reconsideration, an ALJ held a

hearing, and on June 26, 2023, the ALJ issued a written decision, finding the Plaintiff not

disabled. AR 7–28, ECF No. 11. The Plaintiff brought a civil action, and the Court remanded the

case to the Commissioner for further proceedings. AR 1970, 2089, 2112, ECF No. 11-2. On

remand, a new hearing was held, and the ALJ issued a new decision dated February 26, 2025,

finding the Plaintiff not disabled through the date last insured of March 31, 2020, for purposes of

disability insurance benefits and finding the Plaintiff disabled beginning on December 12, 2023, but not prior to December 12, 2023, for purposes of supplemental security income. AR 1970–94, ECF No. 11-2. Because this case had been previously remanded by a Federal court and the Appeals Council did not assume jurisdiction and remanded the case to an ALJ, the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. §§ 404.984, 416.1484. The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g). On June 27, 2025, the Plaintiff filed her Complaint [ECF No. 1] in this Court, seeking remand so that a new hearing can be held. The Plaintiff filed an opening brief, the Commissioner filed a response brief, and the Plaintiff filed a reply brief. ECF Nos. 15, 20, 21.

### THE ALJ'S DECISION

For purposes of disability insurance benefits and supplemental security income, a claimant is "disabled" if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see* 20 C.F.R. §§ 404.1505(a), 416.905(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505(a), 416.905(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see* 20 C.F.R. §§ 404.1512, 416.912.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since February 13, 2017, the alleged onset date. AR 1973.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff has the severe impairments of post-traumatic stress disorder (PTSD), anxiety, depression, arthritis of the hips, knees, and hands, venous insufficiency with skin rashes and associated intermittent swelling of the bilateral legs, migraine headaches, and peripheral neuropathy. AR 1973.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings [in appendix 1 to subpart P of part 404 of this chapter]." 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing, indicating that he considered Listings 1.18, 4.11, 11.02, 11.14, 12.04, 12.06, and 12.15. AR 1974–76.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v.*

*Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see* 20 C.F.R. §§ 404.1520(e), 416.920(e). In

this case, the ALJ assessed the following RFCs:

> After careful consideration of the entire record, the undersigned finds that prior to December 12, 2023, the date the claimant became disabled, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can stand and walk, in combination for four out of eight hours in an eight-hour workday. The claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can frequently handle and finger with the bilateral upper extremities. The claimant must avoid concentrated exposure to loud noise, bright lights, and flashing lights. The claimant must avoid all exposure to hazards including operational control of dangerous moving machinery, unprotected heights, slippery, uneven, or moving surfaces, and use of moving vehicles. The claimant can understand, remember, and carry out detailed but not complex instructions, with the ability to sustain those tasks throughout the eight-hour workday without frequent redirection to task. The claimant can perform in a work setting free of sudden or unpredictable workplace changes in terms of use of work tools, work processes, or work settings, and if there are workplace changes, they are introduced gradually. The claimant can perform work that does not require satisfaction of strict or rigid production quotas, does not involve assembly line pace work or hourly quota work and can tolerate a flexible work pace with end of day goals. The claimant can perform work that does not require prolonged interactions with others including supervisors, coworkers, and the general public, meaning that successful performance of job duties involves primarily working with things or objects and not people, although incidental interactions with others or incidental proximity to others would be tolerated but contact with supervisors must allow the supervisors to give job instructions, job training and set job gals. The claimant can tolerate no sustained intensive interpersonal contact with the public. The claimant can have occasional contact with the public.

AR 1976–77.

> After careful consideration of the entire record, the undersigned finds that since December 12, 2023, the claimant has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can stand and walk, in combination for four out of eight hours in an eight-hour workday. The claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can frequently handle and finger with the bilateral upper extremities. The claimant must avoid concentrated exposure to loud noise, bright lights, and flashing lights. The claimant must avoid all exposure to hazards including operational control of dangerous moving machinery, unprotected

4

heights, slippery, uneven, or moving surfaces, and use of moving vehicles. The claimant can understand, remember, and carry out detailed but not complex instructions, with the ability to sustain those tasks throughout the eight-hour workday without frequent redirection to task. The claimant can perform in a work setting free of sudden or unpredictable workplace changes in terms of use of work tools, work processes, or work settings, and if there are workplace changes, they are introduced gradually. The claimant can perform work that does not require satisfaction of strict or rigid production quotas, does not involve assembly line pace work or hourly quota work and can tolerate a flexible work pace with end of day goals. The claimant can perform work that does not require prolonged interactions with others including supervisors, coworkers, and the general public, meaning that successful performance of job duties involves primarily working with things or objects and not people, although incidental interactions with others or incidental proximity to others would be tolerated but contact with supervisors must allow the supervisors to give job instructions, job training and set job gals[sic]. The claimant can tolerate no sustained intensive interpersonal contact with the public. The claimant can have occasional contact with the public. Due to chronic emotional dysregulation from depression, anxiety, and PSTSD[sic], the claimant could not regulate their emotions, control their behaviors, and maintain well-being in a workplace setting on a consistent regular, and continuing full-time basis as contemplated by SSR, 96-8p.

AR 1988.

The ALJ then moves to step four and determines whether prior to December 12, 2023, the claimant could do her past relevant work in light of the RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f), 416.920(a)(4)(iv), (f). In this case, the ALJ found that the Plaintiff was unable to perform any past relevant work under 20 C.F.R. §§ 404.1565, 416.965. AR 1991.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" given the RFC and the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). Here, the ALJ found that, prior to December 12, 2023, the Plaintiff is not disabled because the Plaintiff could perform significant jobs in the national economy of mail clerk, merchandise marker, and routing clerk. AR 1991–92.

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez*, 336 F.3d at 539 (citations omitted); *see Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758

F.3d 834, 837 (7th Cir. 2014) (cleaned up). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

### ANALYSIS

In this appeal, the Plaintiff argues that the RFC is not supported by substantial evidence because it does not account for her leg elevation limitation for leg swelling/edema. The Court finds the Plaintiff's argument persuasive.

The RFC is a measure of what an individual can do despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000–01 (7th Cir. 2004); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The relevant evidence of the individual's ability to do work-related activities includes the claimant's medical history; medical signs and laboratory findings; the effects of treatment; reports of daily activities; lay evidence; recorded observations; medical source statements; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id*. at *5. The determination of a claimant's RFC is a legal decision rather than a medical one. *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) (citing 20 C.F.R. § 404.1527(d)). The ALJ must provide a narrative discussion of the record evidence and an explanation as to how the evidence supports the ALJ's RFC findings. SSR 96-8p, 1996 WL 374184, at *7.

Here, related to the Plaintiff's argument, the ALJ found that the Plaintiff's venous insufficiency with skin rashes and associated intermittent swelling of the bilateral legs was a severe impairment. He also assessed an RFC for light work. The Court recognizes that, in the opinion, the ALJ considered the Plaintiff's leg swelling/edema and treatment with compression stockings. AR 1979, ECF No. 11-2. Specifically, the ALJ additionally stated:

> The claimant complained of a rash on her leg with intermittent swelling in April 2022. The claimant reported that her rash and swelling caused leg pain. (B9F/32-33). Upon examination, the claimant's legs were mildly swollen. The claimant's prior rash area exhibited petechia. Nevertheless, the claimant's heart rate and rhythm were regular. The claimant's heart sounds were clear with no rales, rhonchi, or stridor. The claimant's pulses were normal and detectable. The claimant's extremities retained full range of motion. There was no evidence of any focal deficits. (B9F/33-35). The claimant was treated with the use of compression stockings. (B9F/37).
>
> In May 2022 and August 2022, the claimant complained of joint pain in her hips and knees. She also reported that she had developed lumps on her hands. (B8F/121, 250). During the same period, the claimant complained of chronic lower extremity edema. When examined, the claimant's lower extremities were swollen. The claimant was treated with the use of compression stockings. (B8F/266).

*Id*. The ALJ also stated:

> In August 2024, the claimant continued to experience severe bilateral leg edema. She received an order for compression stockings. (B10F/143). In September 2024, the claimant complained of ongoing bilateral leg swelling despite the use of compression stockings. Upon examination, the claimant's legs had 3+ pitting edema. . . .
>
> The claimant continued to display limited functioning in December 2024. The claimant walked with an antalgic gait. The claimant's legs displayed bilateral pedal edema. (B11F/5).

AR 1989, ECF No. 11-2.

However, the ALJ did not discuss the medical evidence in the record or the Plaintiff's testimony on her need to elevate her legs for the swelling/edema. Specifically, on May 12, 2022, Dr. Shilpa Raval diagnosed the Plaintiff with edema referring to it as venous insufficiency and

listed as treatments leg elevation and compression stockings. AR 1072, 1074, ECF No. 11-1. Also, on August 20, 2024, Nurse Practitioner Michelle Johnson noted the Plaintiff's edema in the lower extremities and listed continuation with compression stockings and elevation. AR 2690–92, ECF No. 11-3. Additionally, the Plaintiff testified that her doctors told her to elevate her legs for swelling. AR 2025, ECF No. 11-2. She also testified that her doctors specified that, for her leg elevation when she is laying down, she should put pillows under her legs so they are above her chest. AR 2026. ECF No. 11-2.

The ALJ did not err in finding that the Plaintiff's leg swelling/edema was treated with compression stockings. However, "the ALJ erred in utterly failing to even acknowledge the . . . evidence" establishing that the Plaintiff also required leg elevation as a treatment for her leg swelling/edema. *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014) ("[A]lthough an ALJ does not need to discuss every piece of evidence in the record, the ALJ may not analyze only the evidence supporting [his] ultimate conclusion while ignoring the evidence that undermines it." (citations omitted)). "By failing to even acknowledge that evidence, the ALJ deprived [the Court] of any means to assess the validity of the reasoning process." *Id*. at 1124. Thus, it is unclear why the ALJ excluded a leg elevation limitation in the RFC when the medical evidence and the Plaintiff's testimony supported the Plaintiff's complaints of leg swelling and edema and treatment with leg elevation. "[W]here the Commissioner's decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

As a result, the Court finds that the ALJ has not created a logical bridge between the Plaintiff's severe impairment of venous insufficiency with skin rashes and associated intermittent swelling of the bilateral legs, the evidence of a leg elevation limitation for the Plaintiff's leg

9

swelling/edema, and the RFC for light work. As pointed out by the Plaintiff, the error is not harmless because the VE testified that having to elevate the legs could be "work-preclusive." AR 2057, ECF No. 11-2. Accordingly, remand is required for proper consideration of the Plaintiff's leg elevation limitation in formulating the RFC. *See Smith v. Astrue*, 467 F. App'x 507, 510 (7th Cir. 2012) ("Given the perfunctory nature of the ALJ's discussion of leg elevation, we agree with Smith. An ALJ must explain [his] reasoning, building a so-called 'logical bridge' that connects the evidence and [his] decision."). Because remand is required on this basis, the Court does not reach the Plaintiff's additional arguments.

Although the Commissioner raises several arguments against remand, the Court finds them unavailing because nowhere does he identify a place in the ALJ's opinion where the ALJ acknowledged the medical evidence in the record or the Plaintiff's testimony on her leg elevation limitation. "On remand, the ALJ should use all necessary efforts to build a logical bridge between the evidence in the record, this may include contacting the treating physician to obtain a more detailed explanation about the proffered limitation[]." *Tina T. v. Berryhill*, No. 17 C 50282, 2019 WL 354978, at *3 (N.D. Ill. Jan. 29, 2019) (citation omitted).

## CONCLUSION

For the reasons stated above, the Court GRANTS the relief sought in the Plaintiff's Brief [ECF No. 15] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion.

SO ORDERED on August 10, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT